3

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BEATRIZ AZNAR | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-02-134 |
| | § | |
| | § | |
| WAL-MART STORES, Inc. & | § | |
| SPACELABS MEDICAL, Inc. | § | |

## MOTION TO REMAND

COMES NOW BEATRIZ AZNAR, Plaintiff in the above-styled, and pursuant to 28

U.S.C. § 1447 and Local Rule 6(d) of the United States District Court for the Southern District of

Texas, Brownsville Division, files this her MOTION TO REMAND this matter to the 357th

District Court, Cameron County, Texas, Cause No. 2002-05-2160-E, and in support thereof

would show this Court as follows:

I.

This court lacks subject matter jurisdiction. The removing defendant - SPACELABS

MEDICAL, Inc. ("SPACELABS") - has failed to establish the requisite amount in controversy.

Plaintiff's Original Petition, a true copy of which is attached as Exhibit 1, does not allege a

specific amount of damages, only that the Plaintiff has "suffered damages in an amount that

exceed this court's jurisdictional minimum . . ."

When a specific amount of damages is not pled, it is well-settled that "the removing

defendant must prove by a preponderance of the evidence that the amount in controversy

exceeds" the jurisdictional minimum. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.

1995) *quoting De Aguilar v. Boeing Co.* 11 F3d 55, 58 (5th Cir. 1993). A court can find removal is proper if it is "facially apparent" that Plaintiff's claims exceed the jurisdictional minimum. *Id.* If, however, the amount in controversy is not apparent from the face of the petition, the court may rely on facts asserted in the removal notice or in an affidavit submitted by the removing defendant to support a finding of the requisite amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d at 1335; *see also Wald v. Allmerica Financial Life Insurance & Annuity Company*, 2001 U.S. Dist. LEXIS 11847 (E.D. Tex. 2001).

As the 5th Circuit has observed, "(r)emoval however, cannot be based simply upon conclusory allegations" *Allen v. R&H Oil & Gas Co.*, 63 F.3d at 1335. Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000) *cert denied* 530 U.S. 1229 (2000) *cited in Wald v. Allmerica Financial Life Insurance & Annuity Company*, 2001 U.S. Dist. LEXIS 11847 (E.D. 2001).

## II. NOT 'FACIALLY APPARENT' THAT CLAIMS EXCEED JURISDICTIONAL AMOUNT

Because a specific amount of damages is not pled, the first inquiry is whether it is "facially apparent" that Beatriz Aznar's claims exceed the jurisdictional amount. The averment in the Original Petition that her damages "exceed (the) court's jurisdictional minimum" is no evidence that the damages exceed this Court's jurisdictional minimum of $75,000. *See Associacion Nacional De Pescadores A Pequena Escala O Artesanales De Columbia (ANPAC) v. Dow Quimica De Colombia S.A. ("Dow Quimica"),* 988 F. 2d 559, 564 n. 4 (5th Cir. 1993)(statement in petition that damages 'far exceed the minimum jurisdictional limits of this court' "is certainly no more than $500").

The petition alleges that Beatriz Aznar, a Mexican national, "suffered serious, permanent, and debilitating injuries as a result of a blood pressure machine having fallen on her." The 5th Circuit has already held injuries comparable to those are "not ones that are facially likely to be over the jurisdictional amount" *Dow Quimica*, 988 F.2d at 565; *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

Because they parallel those in this case, the facts in *Simon* are worth detailing. In *Simon*, Wal-Mart Stores, Inc. ("Wal-Mart") appealed the jury's verdict against it for $30,000 arising out of injuries Plaintiff Dixie Lee Simon suffered in an attack by an unidentified third-party perpetrator. The 5th Circuit never reached the merits of the appeal because it held, *sua sponte*, that the district court lacked subject matter jurisdiction over the action. *Id.* at 849.

Dixie Lee and Elwin Simon ("the Simons") originally filed suit in a Louisiana state court. Pursuant to Louisiana law, the Simons - like Beatriz Aznar herein - did not plead a specific amount of damages but asserted that Dixie 'suffered bodily injuries including but not limited to a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions, and other injuries to be shown more fully at trial, and has incurred or will incur medical expenses.' Her husband Lewin also sought 'reasonable' damages for loss of consortium. *Id.* at 849-850.

Beatriz Aznar's claimed damages are even less specific than those alleged by the Simons; Aznar has simply claimed she suffered "serious, permanent and debilitating injuries as a result of a blood pressure machine having fallen on her."

Like Defendant SPACELABS has done "with the specific consent and joinder of Wal-Mart" in the matter *sub judice*, in *Simon*, Wal-Mart removed the action to federal district court

on the basis of diversity. And as SPACELABS has done herein[1], Wal-Mart "merely alleged that 'the matter in controversy herein exceeds the sum of $75,000 exclusive of interest and costs' " *Id.* Neither the district court nor the Simons ever objected to removal or challenged the court's jurisdiction, but, as the Court observed, "(f)ederal courts may examine the basis of jurisdiction *sua sponte*, even on appeal" *Id.* at 850 (*citations omitted*).

In considering whether Wal-Mart had proven the amount in controversy by a preponderance of the evidence, the 5th Circuit distinguished the facts presented in *Simon* with those in *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999), in which the court concluded that the jurisdictional amount of damages was apparent on the face of the complaint. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850.

In *Luckett*, the plaintiff sued Delta Airlines because it had lost her luggage which contained her heart medication. As a result, the plaintiff became severely ill after not taking the medication and specifically alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework following her hospitalization. *Id.*

By contrast, the *Simon* court held that the Simons' complaint

alleged with little specificity, damages from less severe physical injuries – an unidentified shoulder, bruises, and abrasions – and unidentified medical expenses for (Dixie) plus loss of consortium for Elwin. It did not allege any damages for loss of property, emergency transportation, hospital stays (or) specific types of medical treatment . . . damages (which) if alleged would have supported a substantially larger monetary basis for federal jurisdiction

---

[1] Arguably, Wal-Mart's allegation in *Simon* that the damages exceeded the jurisdictional minimum, was, although conclusory, more unequivocal than Spacelabs' statement that Beatriz Aznar's damages if "proven and sustained . . . *could* support an award in excess of $75,000." (*emphasis added*).

*Id.* at 851. Based on the damages the Simons alleged in their complaint, the 5th Circuit held it was not 'facially apparent' that the amount of damages would exceed $75,000, vacated the judgment of the district court and remanded the action to that court with instructions for it to remand to the state court from which the action was removed. *Id.* at 851-852.

The damages Beatriz Aznar alleges in her Original Petition are comparable to those sought in *Simon* and distinguishable from the types of damages alleged in *Luckett*.  As in *Simon*, Aznar alleges "with little specificity" damages from "unidentified" physical injuries. As in *Simon*, Aznar's medical expenses are "unidentified." As in *Simon*, Aznar does not allege damages for "property, emergency transportation, hospital stays (or) specific types of medical treatment."

After a fair reading of the Aznar Original Petition, this Court must draw the same conclusion the 5th Circuit drew in *Simon* - that it is not 'facially apparent' that Beatriz Aznar's damages would exceed $75,000. There simply is not enough detail from Beatriz Aznar's "boilerplate allegation" of damages to conclude her injuries are serious or extensive enough to exceed the jurisdictional minimum. *See Navarro v. Suburu of America Operations Corp.*, 802 F. Supp. 191, 194  (E.D. Ill. 1992).


III.    NO FACTS ADDUCED TO SUPPORT JURISDICTIONAL AMOUNT

Where as here it is not facially apparent from the petition that the amount in controversy exceeds the jurisdictional minimum, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Allen v. R&H Oil & Gas Co.*, 63 F3d at 1335; *Dow Quimica*, 988 F. 2d at 565; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 851.

To support subject matter jurisdiction over this case, SPACELABS has offered only its notice of removal, which merely states without any elaboration, that "if the damages prayed for were proven and sustained they could support an award in excess of $75,000."

SPACELABS' baseless, conclusory and equivocal allegation of jurisdiction parallels one which the 5th Circuit found carried "little weight" in *Dow Quimica*, 988 F. 2d at 566. Moreover, as in *Dow Quimica*, SPACELABS "did not, and probably could not have, offered any facts to support its valuation" of Beatriz Aznar's claims. *Id.*[2] Similarly, SPACELABS offers neither "testimonial evidence" nor "published precedent" that either Beatriz Aznar sought damages greater than $75,000 or that damages in similar cases would probably exceed $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d at 58.

SPACELABS' "conclusory allegation" of jurisdiction is insufficient to support removal. *Allen v. R&H Oil & Gas Co.*, 63 F.3d at 1336. Lastly, Plaintiff attaches hereto the affidavit of her attorney, who testifies that the damages suffered by Beatriz Aznar are not likely to exceed the jurisdictional minimum of $75,000. *See* Affidavit of Peter M. Zavaletta, Exhibit 2.

Because Beatriz Aznar's Original Petition does not specify an amount of damages and it is not otherwise facially apparent that the damages sought or incurred will likely exceed $75,000, and because Defendant SPACELABS has offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiff's claims, and, lastly, because the Plaintiff has contested removal with a sworn, unrebutted affidavit that the requisite amount in controversy is not present, *Dow Quimica*, 988 F.2d at 566, Plaintiff urges that her MOTION TO

---

[2] The Court added "(r)emoval petitions or other submissions by the defendant are more likely to be persuasive in cases where the crucial facts supporting jurisdiction are known to the defendant, especially suits for injunctive or declaratory relief" (citations omitted). 988 F.2d at 566.

REMAND be in all respects GRANTED, and that this matter be remanded to the 357th District Court, Cameron County, Texas, Cause No. 2002-05-2160-E.

IV.    CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 6(a)(4) for the United States District Court, Southern District of Texas, Brownsville Division, counsel for movant BEATRIZ AZNAR conferred with counsel for defendants SPACELABS and WAL-MART STORES, Inc. Counsel cannot agree to the disposition of this motion.

PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff moves that on submission hereof, this Court GRANT her MOTION TO REMAND, that this matter be remanded to the 357th District Court, Cameron County, Texas, Cause No. 2002-05-2160-E, that all costs incurred in so doing be adjudged against defendants, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

**THE ZAVALETTA LAW FIRM**
603 E. St. Charles Street
Brownsville, Texas 78520
Telephone  (956) 546-5567
Facsimile   (956) 541-2205
ATTORNEY FOR PLAINTIFFS

By:_____
    PETER M. ZAVALETTA
    State Bar No. 22251600
    Federal Id. No. 7582

## CERTIFICATE OF SERVICE

I, PETER M. ZAVALETTA, do hereby certify on this the 15th day of July 2002 the above and foregoing document has been mailed, certified mail, return receipt requested to:

Mr. Mike Mills
ATLAS & HALL, L.L.P.
P.O. Drawer 3725
McAllen, Texas 78502-3725
ATTORNEY FOR DEFENDANT SPACELABS MEDICAL, Inc.

Mr. Jamie Drabek
DRABEK & ASSOCIATES, Inc.
1720 E. Harrison Suite B
Harlingen, Texas 78550
ATTORNEY FOR DEFENDANT WAL-MART STORES, Inc.

PETER M. ZAVALETTA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BEATRIZ AZNAR | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  B-02-134 |
| | § | |
| | § | |
| WAL-MART STORES, Inc.  & | § | |
| SPACELABS MEDICAL, Inc. | § | |

### PLAINTIFF'S INDEX OF MATTERS BEING FILED

Plaintiff BEATRIZ AZNAR submits this INDEX OF MATTERS BEING FILED, pursuant to Local Rule 3(k) of the United States District Court for the Southern District of Texas, Brownsville Division. Pursuant to Local Rule, the following items are being filed along with Plaintiff's MOTION TO REMAND:

1.   Plaintiff's Original Petition;

2.   Affidavit of Peter M. Zavaletta;

3.   Narrative of Jorge Loyez, M.D.; and

4.   Billing Statement of Jorge Loyez, M.D.

Respectfully Submitted,

**THE ZAVALETTA LAW FIRM**
603 E. St. Charles Street
Brownsville, Texas 78520
Telephone  (956) 546-5567
Facsimile   (956) 541-2205
ATTORNEY FOR PLAINTIFFS

By: _____
     PETER M. ZAVALETTA
     State Bar No. 22251600
     Federal Id. No. 7582

## CERTIFICATE OF SERVICE

I, PETER M. ZAVALETTA, do hereby certify on this the 15th day of July 2002 the above and foregoing document has been mailed, certified mail, return receipt requested to:

Mr. Mike Mills
ATLAS & HALL, L.L.P.
P.O. Drawer 3725
McAllen, Texas 78502-3725
ATTORNEY FOR DEFENDANT SPACELABS MEDICAL, Inc.

Mr. Jamie Drabek
DRABEK & ASSOCIATES, Inc.
1720 E. Harrison Suite B
Harlingen, Texas 78550
ATTORNEY FOR DEFENDANT WAL-MART STORES, Inc.

PETER M. ZAVALETTA

# Exhibit 1

CAUSE NO: _2002-05-2160-E_

| | | |
|---|---|---|
| BEATRIZ AZNAR | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | | FILED _4:20_ O'CLOCK |
| | | AURORA DE LA GARZA |
| WAL-MART STORES, Inc. | | MAY 2 8 2002 |
| *Jointly & Severally With* | | |
| SPACELABS MEDICAL, Inc. | § | _357_ JUDICIAL DISTRICT |
| *Defendants* | | DISTRICT COURT |

PLAINTIFF's ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW BEATRIZ AZNAR, Plaintiff in the above-styled, and by way of cause of action would show the court and jury as follows:

### I. DISCOVERY CONTROL PLAN

1.0    Plaintiffs intend to conduct discovery pursuant to a Level 2 discovery control plan.

### II. PARTIES

2.0    Plaintiff is an individual who resides in the Republic of Mexico.

2.1    Defendant WAL-MART STORES, Inc. is believed to be a corporation upon whom citation and process may be served by certified mail, return receipt requested through its registered agent for service CORPORATION SERVICES COMPANY, 800 Brazos Suite 750, Austin, Texas 78701.

2.2    Defendant SPACELABS MEDICAL, Inc. is believed to be a corporation upon whom citation and process may be served by certified mail, return receipt requested, through its registered agent for service C.T. CORPORATION SYSTEM, 350 N. Paul Street, Dallas, Texas 75201.

2.3    At all times pertinent hereto, Defendants (and perhaps other defendants and/or later named defendants) were engaged in a partnership, joint venture, joint enterprise, or other common endeavor

at the time of the occurrence made the basis of this suit. As a result, they are jointly and severally liable to Plaintiffs for all damages.

## III. JURISDICTION AND VENUE

3.0    This court possesses subject matter jurisdiction because the amount in controversy exceeds the court's jurisdictional minimum. Moreover, venue is proper in Cameron County, Texas because the acts and omissions giving rise to this suit occurred in Cameron County, Texas.

## IV.

4.0    This case arises from an incident that occurred on February 17, 2002, when Plaintiff - then and for all times pertinent hereto - was an invitee on store premises owned and/or operated by Defendant, suffered serious, permanent and debilitating injuries as a result of a blood pressure machine having fallen on her. Said machine was designed and/or manufactured and/or owned and/or distributed and/or marketed and/or installed and/or placed by Defendant SPACELABS MEDICAL, Inc. at the Wal-Mart store in Brownsville, Texas owned and/or operated by Defendant WAL-MART STORES, Inc. The evidence will show that this incident and the resultant injuries suffered by Plaintiff were caused by the defendants' negligence.

## V.

5.0    As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered damages in an amount that exceed this court's jurisdictional minimum, and which include but are not limited to damages for medical care, damages for pain and suffering, damages for mental anguish, damages for physical impairment, loss of household services, loss of consortium as well as a loss of earning capacity. Plaintiff also seeks to recover prejudgment interest, post-judgment interest and court costs.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that citation be issued, that Defendants be served, and that Plaintiff recover from Defendants her actual damages, together with court costs, prejudgment interest and postjudgment interest.

Respectfully Submitted,

**THE ZAVALETTA LAW FIRM**
603 E. St. Charles Street
Brownsville, Texas 78520
Telephone  (956) 546-5567
Facsimile   (956) 541-2205
ATTORNEYS FOR PLAINTIFF

By:_____
     PETER M. ZAVALETTA
     State Bar No. 22251600

# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BEATRIZ AZNAR | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  B-02-134 |
| | § | |
| | § | |
| WAL-MART STORES, Inc.  & | § | |
| SPACELABS MEDICAL, Inc. | § | |

### AFFIDAVIT OF PETER M. ZAVALETTA

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF CAMERON | § |

BEFORE ME THE UNDERSIGNED AUTHORITY on this the 15th day of July 2002 personally appeared PETER M. ZAVALETTA, known to me to be the person whose name is signed and subscribed below and who, after being duly sworn, deposed under oath as follows:

"My name is Peter M. Zavaletta. I am over the age of 18 years, am of sound mind, have never been convicted of a crime or felony, and am otherwise capable of making this affidavit. All of the facts contained herein are true and correct and are based on my personal knowledge or direct knowledge acquired as attorney for Beatriz Aznar. This affidavit is made without waiver of the attorney-client relationship between me and Beatriz Aznar.

"I am an attorney licensed by and in good standing with the State Bar of Texas, and have been practicing law since 1986. A significant percentage of my practice is in the field of personal injury. In the course of my 16-year career, I have successfully represented many personal injury and wrongful death plaintiffs and have developed substantial experience in and familiarity with the evaluation of personal injury damages and the assigning of dollar values to personal injury cases.

" I am the lawyer for Beatriz Aznar, a pleasant 61 year old Mexican national. Ms. Aznar is a self-employed single woman who owns and operates a small convenience store in Victoria, Tamaulipas, Mexico.

"Just before checking out of one of the Wal-Mart stores in Brownsville, Texas on February 17, 2002, Ms. Aznar was sipping a cup of coffee in the store's snack bar when a blood

pressure machine fell on her left arm. Following the accident she was neither taken to a Brownsville hospital nor treated by a Brownsville doctor.

"When she returned to Victoria, Mexico she was seen and treated by a local doctor. X-rays of the left wrist, forearm and hand showed no clear evidence of fracture. She was unable to work for 3 days due to pain but has since returned to work, despite her discomfort.

"In mid-April, Ms. Aznar was treated by Dr. Jorge Loyez, a Brownsville neurologist, who ordered x-rays of the cervical spine, left shoulder and left wrist, all of which were reported as normal. Dr. Loyez stated he would not be able to give Ms. Aznar a prognosis until the end of July or the beginning of August 2002. Dr. Loyez' narrative of April 29, 2002 is attached hereto as Exhibit 3.

"Dr. Loyez has charged Ms. Aznar $1,700 for his medical services to date. Dr. Loyez' billing statement is attached hereto as Exhibit 4.

"It is certainly not 'facially apparent' from the bland boilerplate of alleged damages in Plaintiff's Original Petition that Beatriz Aznar's damages exceed $75,000. Furthermore, based on my experience and expertise in the valuation of personal injury cases, as well as my familiarity with the nature of Ms. Aznar's injuries, it is highly unlikely that, based on what is known of her medical condition as of May 28, 2002, the date suit was filed in state court, the value of Ms. Aznar's case exceeded $75,000."

FURTHER THE AFFIANT DEPOSETH NOT.

_____
PETER M ZAVALETTA

SUBSCRIBED AND SWORN TO BEFORE ME the undersigned authority on this the _15_ day of _July_ 2002 to certify which witness my official hand and seal.

_____
Notary Public in and for The State of Texas

My Commission Expires: _____6 / 5 /05_____



BERENICE E TREVINO
NOTARY PUBLIC
State of Texas
Comm. Exp. 06-05-2005

# Exhibit 3

## Jorge E. Loyez, M.D., P.A.
DIPLOMATE AMERICAN BOARD OF NEUROLOGY

Tel. 350-0048  Fax 350-0051
Medical Exchange 350-0048

100B Alton Gloor Blvd. Suite 27C
Brownsville, Texas 7852€

April 29, 2002

Peter Zavaletta
Attorney at Law
603 E. St. Charles
Brownsville, TX 78520

Re:  Beatriz Aznar
DOI: February 17, 2002

**MEDICAL NARRATIVE REPORT**

Dear Mr. Zavaletta:

This is to inform you that I examined this 61 yr. old female on April 17, 2002.  According to Ms. Aznar she was sitting, drinking coffee on one of the local Wal-Mart stores on February 17, 2002 about 6 p.m., when the metal stand of a blood pressure machine, weighing according to the patient "about 90 kg." fell on her left forearm and hand and the left shoulder and upper portion of the arm.  She immediately developed pain in the distal portion of the left shoulder, the upper portion of the left arm, left forearm and hand.  She was upset and dazed for a while and developed pain in those areas.  A report was made and she was advised to call (810) 527-0566.  Following the accident she went to a hospital in Victoria, Tamaulipas where she was treated and x-rayed by a local doctor.  X-rays of the left wrist, distal forearm and hand, showed no clear evidence of fracture.  She works at a beer warehouse and was unable to work for three days due to the above mentioned injuries and weakness of the entire left upper extremity. Subsequently, she was able to work but with moderately difficulty.

She denies past history of similar accident or injuries.   There is history of a motor vehicle accident three years ago in which she sustained no significant injuries.  She denied history of diabetes mellitus or hypertension.

The neurological examination on April 17, 2002 revealed an alert, oriented, cooperative patient in no acute distress.  Her height was 5'0 and her weight 128 lbs.

Examination of the head and ears was normal.

Examination of the cranial nerves showed normal visual fields on confrontation. Funduscopic examination, OD was normal.

Examination of the III, IV and VI nerves showed no evidence of nystagmus or limitation of gaze.  The pupils were normal.  The rest of the cranial nerves showed no abnormalities.

Page 2                                    Re: Beatriz Aznar
Apr. 29, 2002

Examination of the motor system showed moderate proximal and distal weakness of the entire left upper extremity. There was tenderness of the median aspect of the left wrist. The deep tendon reflexes were 2+ on the right extremities and 1+ on the left extremities. Plantar responses were flexor on the right and extensor on the left.

Examination of the sensory system showed pain and touch sensations to be decreased on the C4, C5, C6, C7, C8 dermatomes of the left upper extremity.

Examination of the cerebellar system showed no evidence of truncal ataxia. Finger to nose and alternation tests were normal.

Following my examination, I ordered x-rays of the cervical spine, x-rays of the left shoulder and the left wrist which were reported as normal.

EMG and Nerve Conduction Velocity studies of the upper extremities were done on April 18, 2002. The EMG showed evidence of chronic dennervation in the territory of C5, C6 on the right and of C5, C6, C8, T1 on the left, indicative of radiculopathies and a post-traumatic left brachial plexopathy.

The neurologic examination again revealed moderate proximal and distal weakness of the left upper extremity. The deep tendon reflexes remained 2+ on the right extremities and 1+ on the left extremities. Plantar responses were flexor on the right and equivocal on the left.

**My final impression is that this patient presents with:**
1. History of injuries to the left shoulder and the entire left upper extemity.
2. Post-traumatic left brachial plexopathy involving mainly C5, C6, C8, T1 roots.
3. Post-traumatic radiculopathies at C5/C6 on the right.
4. Post-traumatic arthritis of the left wrist.

It usually takes a period of six to eight months for a nerve to recover. Therefore, I will be able to give you an accurate prognosis regarding this case at the end of July or at the beginning of August 2002. She was given an appointment to return within two months fore re-evaluation. She was advised to keep taking Tylenol every six hours whenever necessary.

Respectfully yours,

Jorge E. Loyez, M.D., P.A.
Board Certified Neurologist

JEL/er
Enclosure: EMG/NCV Report

# Exhibit 4

JORGE E. LOYEZ, M.D.P.A.
100-B ALTON GLOOR, STE.#270
BROWNSVILLE, TX 78526
(956)350-0048

| Statement Date |
|---|
| 5/10/2002 |

| Page |
|---|
| 1 |




THE ZAVALETTA LAW FIRM
ATTN: PETER M. ZAVALETTA
603 EAST ST CHARLES STREET
BROWNSVILLE, TX 78520

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| | | Previous Balance | | 0.00 |

Patient: BEATRIZ AZNAR          Chart #: AZNBE000          Case Description: 04/17/02

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 4/17/2002 | 0204260000 | NEW PT OV COMPREHENSIVE | 3995 | 300.00 |
| 4/18/2002 | 0204260000 | EMG-1 EXT. & PARASPINALS | 3995 | 800.00 |
| 4/18/2002 | 0204260000 | NCV-AMPL/LATE,LATENCY EACH NER | 3995 | 600.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| $1700.00 | $0.00 | $0.00 | 1,700.00 |