United States District Court
Southern District of Texas
Brownsville Division

United States District Court
Southern District of Texas
FILED

AUG 0 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BEATRIZ AZNAR, | § | |
| plaintiff | § | |
| | § | |
| v. | § | Civil Action No. B-02-134 |
| | § | |
| WAL-MART STORES, INC., and | § | |
| SPACELABS MEDICAL, INC., | § | |
| defendant | § | |

## Defendant Spacelabs Medical, Inc.'s Response to Plaintiff's Motion to Remand

Defendant Spacelabs Medical, Inc. ("Spacelabs") files this response to the Motion to Remand filed by plaintiff Beatriz Aznar, and would show:

1. *Background*. This is a personal injury action allegedly arising when a blood pressure machine fell on the plaintiff. Plaintiff seeks recovery of damages which "include but are not limited to damages for medical care, damages for pain and suffering, damages for mental anguish, damages for physical impairment, loss of household services, loss of consortium as well as a loss of earning capacity." Plaintiff's Original Petition ¶ 5. Plaintiff also seeks prejudgment and postjudgment interest and costs. *Id.*

2. *Amount in controversy exceeds $75,000.* To establish diversity, the "amount in controversy" must exceed $75,000. 28 U.S.C. § 1332(a). Where plaintiff does not allege a certain amount of damages, the defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy may be facially apparent from the plaintiff's complaint. In addition, the defendant may support its contention that the jurisdictional amount has been met with affidavits. See *Allen v. R. &*

*H. Oil & Gas Co.,* 63 F.3d at 1326.   Here, the amount in controversy clearly exceeds the jurisdictional amount.

        2.1     *Plaintiff's refusal to stipulate.*   Counsel for Spacelabs inquired whether the plaintiff would stipulate to damages of $75,000 or less.   As recognized in *Cross v. Bell Helmets USA,* 927 F.Supp. 209, 213 (E.D. Tex. 1996), "[i]f a plaintiff binds itself to collect an amount in damages below the jurisdictional requisite necessary for federal removal by stipulation in state court, then a defendant cannot invoke federal removal jurisdiction because the amount in controversy requirement will not have been satisfied." *Cross,* 927 F.Supp. at 214.   Here, however, counsel for plaintiff refused to so stipulate. See Affidavit of Mike Mills, Attachment "A".   If the plaintiff in fact believes that the amount in controversy is less than $75,000, there is no reason for her failure to stipulate to that fact.   Her attorney's ambiguous estimation of damages as provided in the affidavit attached to the Motion to Remand, in light of his refusal to stipulate, suggests only that "the plaintiffs, rather than trying to clarify the actual amount in controversy, engaged in artful post-removal pleading" in order to avoid federal jurisdiction. *See DeAguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993) (concluding that the plaintiffs there sought to avoid removal and federal forum non conveniens law).

        2.2     *Face of complaint.*   Remand must be denied if the amount in controversy exceeds $75,000 on the face of the plaintiff's complaint. *Gebbia v.Wal-Mart Stores, Inc.,* 233 F.3d 880 (5th Cir. 2000).   In *Gebbia,* the plaintiff alleged that she slipped in a Wal-Mart and sustained injuries to her right wrist, left knee and patella, and upper and lower back, and claimed damages for medical expenses, physical pain and suffering,

2

mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and disability and disfigurement. *Id.* at 883. The Fifth Circuit judgment the complaint to involve an amount in controversy of over $75,000 on the face of the complaint. *Id.* The court held, in fact, that the trial court properly disregarded an affidavit and stipulation for damages of less than $75,000 submitted post-removal by the plaintiff. *Id.* The plaintiff here seeks recovery of damages which "include but are not limited to damages for medical care, damages for pain and suffering, damages for mental anguish, damages for physical impairment, loss of household services, loss of consortium as well as a loss of earning capacity." Plaintiff's Original Petition ¶ 5. As in *Gebbia,* the amount in controversy is met on the face of the complaint.

2.3    *Further evidence.* As "evidence" of her claimed injuries, plaintiff has provided a neurological report in which the damages allegedly sustained by the plaintiff include:

- Post-traumatic left brachial plexopathy involving mainly C5, C6, C8 and T1 roots;
- Post-traumatic radiculopathies at C5/C6 on the right;
- Post-traumatic arthritis of the left wrist.

See attachment to Plaintiff's Motion to Remand. The plaintiff thus also claims nerve damage resulting from the accident. Although defendant Spacelabs denies liability and will contest the claimed damages, it is clear from the plaintiffs' allegations that the amount in controversy exceeds $75,000.

2.4    *Further discovery.* Discovery has been limited pending the Rule 26(f) conference. FED. R. CIV. P. 26(d). Should the amount in controversy not be apparent from

the matters stated above,[1] defendant Spacelabs requests that it be allowed to conduct discovery regarding the plaintiff's allegations of damages.

3. *Plaintiff's authorities do not support remand.* The authorities cited by the plaintiff do not support remand in this instance. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995), provides a general discussion of the amount in controversy, and affirms the trial court's denial of the plaintiff's motion to remand.[2] *DeAguilar v. Boeing Co.,* 11 F.3d 55, 57-59 (5th Cir. 1993), similarly affirms denial of remand. *DeAguilar* distinguishes *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Columbia (ANPAC) v. Dow Quimica de Columbia, S.A.,* 988 F.2d 559 (5th Cir. 1993) *cert. denied,* 510 U.S. 1041 (1994) ("*Dow Quimica*"), noting that the plaintiff there pleaded only skin rashes and limited economic damages, and the defendant offered nothing to support its belief as to the amount in controversy. *DeAguilar,* 11 F.3d at 57-58.

---

[1] The Fifth Circuit in *Allen* suggests initial consideration based on the face of the complaint:

> The efficient procedure is not to require such "summary judgment" proof until after the initial consideration of the face of the complaint. This bifurcation of the process is justified under the general mandate of the rules, Fed. R. Civ. P. 1, and the fact that such proof is irrelevant and wasteful if jurisdiction is facially apparent.

*Allen,* 63 F.3d at 1336 n. 16.

[2] The same is true for *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295 (5th Cir. 1999) (affirming denial of motion to remand in case where plaintiff alleged loss luggage, including heart medication). *Acuna v. Brown & Root Inc.,* 200 F.3d 335 (5th Cir. 2000), includes a general discussion of removal, but actually involves federal question removal. *Navarro v. Subaru of America Operations Corp.,* 802 F.Supp. 191 (N.D. Ill. 1992), apparently involved general allegations of injury in the complaint, different evidentiary procedures in the Illinois district, and no offer of proof by the defendant. *Simon v. Wal-Mart Stores, inc.,* 193 F.3d 848 (5th Cir. 1999), similarly involves evaluation based solely on the face of the complaint.

Wherefore, premises considered, defendant Spacelabs requests that the plaintiffs' motion to remand be in all respects denied. Defendant Spacelabs requests such other and further relief to which it may be entitled, at law or in equity.

Respectfully submitted,

Mike Mills
State Bar No. 14163500
Southern Dist. ID No. 1211
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

5

## Certificate of Service

I certify that on August 5, 2002, a true and correct copy of the foregoing document was sent to all counsel of record, as follows:

| Attorney: | For: | Served by: |
|---|---|---|
| Peter Zavaletta<br>ZAVALETTA LAW FIRM<br>603 E. St. Charles St<br>Brownsville, Tx 78520 | plaintiff | Certified Mail<br>RRR#7000 0520<br>0025 4206 5491 |
| Jamie Drabek<br>DRABEK & ASSOCIATES, INC.<br>1720 E. Harrison, Suite B<br>Harlingen, Tx 78550 | defendant Wal-Mart | Certified Mail<br>RRR#7000 0520<br>0025 4206 5507 |

_____
Mike Mills

6

United States District Court
Southern District of Texas
Brownsville Division

| | | |
|---|---|---|
| BEATRIZ AZNAR,<br>        plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. B-02-134 |
| WAL-MART STORES, INC., and<br>SPACELABS MEDICAL, INC.,<br>        defendant | §<br>§<br>§<br>§ | |

### Affidavit in Support of
### Defendant Spacelabs Medical, Inc.'s Response to
### Plaintiff's Motion to Remand

Before me, the undersigned notary, personally appeared Mike Mills, who being by me duly sworn, deposed and said:

1.      My name is Mike Mills.  I am one of the attorneys for defendant Spacelabs Medical, Inc. in the referenced cause.  I am above the age of eighteen, have never been convicted of a felony or crime of moral turpitude, and am competent to make this affidavit.  The facts stated herein are within my personal knowledge and are true and correct.

2.      I asked Peter Zavaletta, counsel for plaintiff Beatriz Aznar, if the plaintiff would stipulate to damages of $75,000 or less.  He stated that the plaintiff was not in a position to do so at this time.

_____
Mike Mills



Subscribed and sworn to before me, the undersigned notary, on August 5, 2002.

M. GARZA
Notary Public, State of Texas
My Commission Expires
11-06-2004

Notary public, State of _Texas_
My commission expires:

2