IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BEATRIZ AZNAR | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-02-134 |
| | § | |
| | § | |
| WAL-MART STORES, Inc. & | § | |
| SPACELABS MEDICAL, Inc. | § | |

PLAINTIFF's REPLY TO DEFENDANT SPACELABS MEDICAL, Inc.'s
RESPONSE TO PLAINTIFF's MOTION TO REMAND

COMES NOW BEATRIZ AZNAR, Plaintiff in the above-styled, and files this her REPLY TO DEFENDANT SPACELABS MEDICAL, Inc.'s ("SPACELABS") RESPONSE TO PLAINTIFF's MOTION TO REMAND, and in support thereof would show this Court as follows:

I. SPACELABS ADVANCES WRONG STANDARD FOR REMOVAL & REMAND

Judging by Defendant SPACELABS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND, instead of proving that the amount in controversy exceeds $75,000, SPACELABS would rather advance a type of legal 'gotcha.' While *listing* some of the same cases and authorities cited by Plaintiff, SPACELABS wholly ignores their import and effect, and pays only 'lip service' to the holdings, analyses and standards of proof contained therein.

Then, in a thinly-veiled, legal sleight of hand, SPACELABS attempts to recast the test for removability and remand as follows:

1) Plaintiff files a petition in state court without specifying the amount of damages sought;

2) Defendant removes on the basis of diversity and alleges, with no supporting or competent evidence, that the amount in controversy exceeds $75,000;

3) Plaintiff prepares a Motion to Remand, and before filing, her counsel confers with counsel for defendant;

4) Defendant's counsel asks if Plaintiff's counsel will stipulate that he will not seek or accept damages greater than $75,000;

5) When Plaintiff's lawyer refuses, defendant's counsel pronounces this as 'proof' that the amount in controversy exceeds $75,000.

SPACELABS' distortion of the 5th Circuit's standard for removal and remand is not working.

To date the *only* putative evidence SPACELABS has offered in support of removal is the affidavit of its counsel, which inaccurately recounts a telephone conversation with Plaintiff's counsel.

As the attached affidavit from Plaintiff's counsel shows, in the July 15, 2002 telephone conference[1] between counsel for SPACELABS and counsel for Plaintiff regarding the MOTION TO REMAND, SPACELABS' counsel asked Plaintiff's counsel if he would stipulate to not seek damages greater than $75,000, to which Plaintiff's counsel correctly and appropriately responded,

*"No I won't and that is not the standard."*

See Exhibit 1. SPACELABS' standard, which has been called the "inverted *St. Paul Mercury Indemnity Co. v. Red Cab Co.* legal authority test" by at least one district court, "is the most

---

[1] This conference was held pursuant to Local Rule 6(a)(4) of the United States District Court, Southern District of Texas, Brownsville Division.

lenient test for a defendant," beause "in order to warrant remand it must appear to a legal certainty that the plaintiff can never recover the jurisdictional amount." *Wilbur v. H&R Block, Inc.*, 170 F. Supp. 2d 480, 483 (M.D. PA. 2000). SPACELABS' standard, as Judge Caputo astutely observed, "places the burden of proving jurisdiction *does not exist* on the *plaintiff*." *Id.* (*emphasis added*).

SPACELABS' standard for removal has specifically been rejected by the 5th Circuit.[2] As noted in Plaintiff's MOTION TO REMAND, the 5th Circuit has held that in a removal context where, as here, the plaintiff has not pled a specific amount of damages, it is well-settled that "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) *quoting De Aguilar v. Boeing Co.* 11 F3d 55, 58 (5th Cir. 1993); *see also DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) *cert. denied*, 116 S. Ct. 180.

II. SPACELABS HAS NOT PROVEN AMOUNT IN CONTROVERSY

In addition to advancing a standard of removal and remand that has been specifically rejected by the 5th Circuit, SPACELABS has failed to prove the requisite amount in controversy. In this case, as in *Associacion Nacional De Pescadores A Pequena Escala O Artesanales De Columbia (ANPAC) v. Dow Quimica De Colombia S.A. ("Dow Quimica")*, 988 F. 2d 559, 566 (5th Cir. 1993), the plaintiff met SPACELABS' statement in its removal notice with a sworn affidavit that it was "highly unlikely that . . . the value of Ms. Aznar's case exceeded $75,000." As in *Dow Quimica*, "nothing submitted by (SPACELABS) even suggests the contrary." *Id.* As the 5th Circuit observed, "(w)hen specifically contested in a motion to remand, bare allegations

---

[2] "This Court has indicated that the legal certainty test does not apply in a remand situation where the plaintiff has alleged an indeterminate amount of damages." *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) *cert. denied*, 116 S. Ct. 180.

by the removing party (much less statements in passing) have been held insufficient to invest a federal court with jurisdiction" *Id.* (*citations omitted*).

Because Beatriz Aznar's Original Petition does not specify an amount of damages and it is not otherwise facially apparent that the damages sought or incurred will likely exceed $75,000, and because Defendant SPACELABS has offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiff's claims, and, lastly, because the Plaintiff has contested removal with a sworn, unrebutted affidavit that the requisite amount in controversy is not present, *Dow Quimica*, 988 F.2d at 566, Plaintiff urges that her MOTION TO REMAND be in all respects GRANTED, and that this matter be remanded to the 357th District Court, Cameron County, Texas, Cause No. 2002-05-2160-E.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff moves that on submission hereof, this Court GRANT her MOTION TO REMAND, that this matter be remanded to the 357th District Court, Cameron County, Texas, Cause No. 2002-05-2160-E, that all costs incurred in so doing be adjudged against defendants, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

THE ZAVALETTA LAW FIRM
603 E. St. Charles Street
Brownsville, Texas 78520
Telephone (956) 546-5567
Facsimile (956) 541-2205
ATTORNEY FOR PLAINTIFFS

By: _____
PETER M. ZAVALETTA
State Bar No. 22251600
Fed. I.D. # 7582

CERTIFICATE OF SERVICE

I, PETER M. ZAVALETTA, do hereby certify on this the 8TH day of August 2002 the above and foregoing document has been mailed, certified mail, return receipt requested to:

Mr. Mike Mills
ATLAS & HALL, L.L.P.
P.O. Drawer 3725
McAllen, Texas 78502-3725
ATTORNEY FOR DEFENDANT SPACELABS MEDICAL, Inc.

Mr. Jamie Drabek
DRABEK & ASSOCIATES, Inc.
1720 E. Harrison Suite B
Harlingen, Texas 78550
ATTORNEY FOR DEFENDANT WAL-MART STORES, Inc.

_____
PETER M. ZAVALETTA