IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BEATRIZ AZNAR | § § § | |
| VS. | § | CIVIL ACTION NO. B-02-134 |
| WAL-MART STORES, INC. and SPACELABS MEDICAL, INC. | § § § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**Under Rule 26(f) Federal Rules of Civil Procedure**

1.  *State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.*

    The meeting took place by telephone on October 24, 2002. The following counsel participated:

    A.  Peter Zavaletta for Plaintiff
    B.  Jaime Drabek for Defendant Wal-Mart Stores, Inc.
    C.  Mike Mills for Defendant Spacelabs Medical, Inc.

2.  *List the cases related to this one that are pending in any state or federal court with the case number and court.*

    None.

3.  *Specify the allegation of federal jurisdiction.*

    28 USC Section 1332(a)(2) and 28 USC Section 1441 (a).

4.  *Name the parties who disagree and the reasons.*

    Plaintiff disagrees as per her Motion to Remand herein.

5.  *List anticipated additional parties that should be included, when they can be added, and by who they are wanted.*

    None at this time.

6.  *List anticipated interventions.*

    None at this time.

7. *Describe class-action issues.*

    None.

8. *State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.*

    The parties agree to make their initial disclosures on or before November 7, 2002.

9. *Describe the proposed agreed discovery plan, including:*

    A. *Responses to all the matters raised in Rule 26(f).*

    November 7, 2002.

    B. *When and to whom the plaintiff anticipates it may send interrogatories.*

    Plaintiff anticipates sending interrogatories to Defendants on or before December 13, 2002.

    C. *When and to whom the defendants anticipate they may send interrogatories.*

    Defendants anticipate sending interrogatories to Plaintiff and healthcare providers on or before December 13, 2002.

    D. *Of whom and by when the plaintiff anticipates taking oral depositions.*

    Plaintiff anticipates taking the oral deposition of Defendants and other appropriate fact witnesses by February 28, 2003.

    E. *Of whom and by when the defendant anticipates taking oral depositions.*

    Defendants anticipate taking oral depositions of the Plaintiff and healthcare providers and other appropriate fact witnesses by March 29, 2003.

    F. *When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.*

    See attached proposed Scheduling Order.

> G. *List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*
>
> See attached proposed Scheduling Order.
>
> H. *List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*
>
> See attached proposed Scheduling Order.

**The parties expressly reserve the right to propound and participate in discovery to persons and entities other than those mentioned above, within the discovery period.**

10. *If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.*

    N/A.

11. *Specify the discovery beyond initial disclosures that has been undertaken to date.*

    Plaintiff and Defendant Wal-Mart have exchanged written discovery.

12. *State the date the planned discovery can reasonably be completed.*

    See attached proposed Scheduling Order.

13. *Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.*

    The parties are open to mediation after sufficient discovery is accomplished.

14. *Describe what each party has done or agreed to do to bring about a prompt resolution.*

    The parties are open to mediation after sufficient discovery is accomplished.

15. *From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.*

    The parties are open to mediation after sufficient discovery is accomplished.

16. *Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.*

    Not all parties agree to trial before a magistrate judge.

17. *State whether a jury demand has been made and if it was made on time.*

    Yes.

18. *Specify the number of hours it will take to present the evidence in this case.*

    Twenty-four (24).

19. *List pending motions that could be ruled on at the initial pretrial and scheduling conference.*

    Plaintiff's Motion to Remand.

20. *List other motions pending.*

    None.

21. *Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.*

    None.

22. *List the names, bar numbers, addresses and telephone numbers of all counsel.*

    Peter M. Zavaletta
    THE ZAVALETTA LAW FIRM
    603 E. St. Charles Street
    Brownsville, Texas 78520
    State Bar Number: 22251600
    **Counsel for Plaintiff Beatriz Aznar**

    Phone: (956) 546-5567

    _____
    Date
    11-4-02

    Jaime Drabek
    DRABEK & ASSOCIATES, P.C.
    1720 E. Harrison, Suite B
    Harlingen, Texas 78550
    State Bar Number: 06102410
    **Counsel for Defendant**
    **Wal-Mart Stores, Inc.**

    Phone: (956) 428-4544

    _____
    Date
    11-4-02

Mike Mills
ATLAS & HALL, L.L.P.
P.O. Box 3725
McAllen, Texas 78502
State Bar Number: 14163500
**Counsel for Spacelabs Medical, Inc.**

Phone: (956) 682-5501

_/s/ signature 11-4-02_
Date