IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 1 5 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| BEATRIZ AZNAR, | § § |
| Plaintiff, | § § |
| v. | §  CIVIL ACTION B-02-134 |
| | § § § |
| WAL-MART STORES, INC. & SPACELABS MEDICAL, INC., | § § § |
| Defendant. | § |

### Memorandum and Order

BE IT REMEMBERED that on November 15, 2002, the Court **GRANTED** Plaintiff's Motion To Remand [Dkt. No. 3] for the reasons that follow.

**I.   Factual and Procedural Background**

Plaintiff Beatriz Aznar is a Mexican national who owns and operates a small convenience store in Victoria, Tamaulipas, Mexico. Just before checking out of one of the Wal-Mart stores in Brownsville, Texas, she was standing, drinking a cup of coffee when a blood pressure machine fell on her left arm. She did not seek immediate medical attention, instead seeking treatment by a local doctor in Victoria upon her return home. An x-ray of her left wrist showed no sign of fracture; however, she missed 3 days of work. Plaintiff was later examined by a medical doctor in Brownsville, Texas, who determined that there was some nerve damage.

On May 28, 2002, Plaintiff filed her Original Petition in the 357th Judicial District Court of Cameron County, Texas. Defendant Spacelabs Medical, Inc., with consent and joinder of Defendant Wal-Mart Stores, Inc., filed a Notice Of Removal [Dkt. No. 1] on July 1, 2002. Plaintiff filed her Motion To Remand on July 15, 2002, and that motion is now ripe for consideration.

## II. Analysis

When a case is removed to federal court on the basis of diversity jurisdiction,[1] Defendants bear the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. See *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)). Defendants can meet that burden 1) by demonstrating that it is "facially apparent" from the complaint that Plaintiff's claims are likely to exceed $75,000, or 2) "by setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount." *Id.* (quoting *Luckett*, 171 F.3d at 298). Because it is presumed that a federal court lacks jurisdiction until it has been demonstrated to exist, any doubt as to federal subject matter jurisdiction is to be resolved in favor of remand. See *Heaton v. Monogram*, 1999 WL 1789422, *1 (E.D. La., Nov. 22, 1999).

### A. It Is Not Facially Apparent from the Complaint That the Amount in Controversy Is Satisfied

Defendants claim that it is facially apparent from the complaint that the amount in controversy exceeds $75,000. Plaintiff seeks "damages for medical care, damages for pain and suffering, damages for mental anguish, damages for physical impairment, loss of household services, loss of consortium as well as a loss of earning capacity." Plaintiff's Original Petition, ¶ 5.0. These damages allegedly resulted from a blood pressure machine falling on Plaintiff. See *id.* at 4.0. The Original Petition is void of any mention of the precise nature of the injury suffered or any method of measuring the potential damages. It is hardly facially apparent that the damages will be near, much less in excess, of $75,000.

### B. Defendants Fail to Offer Evidence That the Amount in Controversy Is Satisfied

Alternatively, Defendants argue that there is evidence suggesting that the

---

[1] The parties do not argue that there is a lack of diversity. The only issue raised in the motion and opposition to remand is whether Plaintiff satisfies the amount in controversy requirement.

amount in controversy requirement is satisfied. They point to the Medical Narrative Report of Dr. Jorge Loyez attached as Exhibit 3 to Plaintiff's Motion To Remand as evidence that Plaintiff is seeking compensation for nerve damage. See Response to Plaintiff's Motion To Remand [Dkt. No. 6]. ¶ 2.3. Defendants fail to convince the Court that the Narrative and accompanying medical bill for $1700 [Exhibit 4 to Plaintiff's Motion To Remand] demonstrate the amount in controversy exceeds $75,000.

Defendants also request the Court grant them time to conduct discovery to prove the amount in controversy; however, they fail to cite precedential authority, and the Court is not convinced that discovery would aid Defendants' efforts. Defendants' request for discovery is denied.

### III.  Conclusion

Plaintiff's motion to remand [Dkt. No. 3] is **GRANTED** except to the extent she seeks attorneys' fees. The Court holds that it lacks subject matter jurisdiction and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 357th Judicial District Court of Cameron County, Texas. The Clerk of the Court shall effect the remand immediately.

DONE at Brownsville, Texas, this 15th day of November 2002.

Hilda G. Tagle
United States District Judge